E. P. BRIGHAM, Respondent, v. E. A. MULLIN, Appellant.

No. 3763; January 21, 1874.

Ejectment.—The Plaintiff in Ejectment must Show that he has a right to the possession.

APPEAL from Fifteenth Judicial District, San Francisco County.

This was an action of ejectment. The answer denied all the allegations of the complaint. The case made out by the proof of plaintiff was that the latter claimed through a sheriff's deed in execution after judgment in an attachment case; but the judgment debtor, Dickenson, had assigned whatever interest was his in the property to the defendant Rainsfield, that interest being a mere right under a contract to purchase, no money having passed from him and no deed to him. The writ of attachment had been served upon one of two joint owners of record of the property—one Polhemus. The defendants, other than Rainsfield, were the latter's tenants, Mullin and Campbell.

R. P. & J. Clement for respondent; G. F. & W. H. Sharp for appellant.

By the COURT.—We think that the plaintiff should have been nonsuited. The evidence did not show Rainsfield to

have been in possession at the commencement of the action, and the nonsuit should have been granted as to him on that ground. ` The general issue pleaded put the plaintiff to proof of the possession of all of the defendants, and its operation in this respect was not affected by the other defenses separately pleaded. But irrespective of this, the case of the plaintiff failed not only as to the defendant Rainsfield, but as to the other defendants also, because Harvey Dickenson, through whom the plaintiff claims, does not appear from the record before us to have had the legal title to the premises at any time—nor such a possession as would support a recovery by the plaintiff. At the time of the levy of the attachment Dickenson was in possession, it is true, but his possession came from Rainsfield as owner, and under an agreement with the latter for the future purchase of the premises for two thousand five hundred dollars—to be paid thereafter, and the payment of forty-five dollars per month as interest in the meantime, until the two thousand five hundred dollars should be paid. After the levy of the writ of attachment, Dickenson, having failed to pay the purchase money, pursuant to the contract surrendered the possession to Rainsfield, whose tenants, the other defendants, were in possession at the commencement of the action. The interest and possession of Dickenson, such as it was, held by him at the time of the levy of the writ of attachment, having terminated by reason of his default in making the payment required by the agreement to purchase, the claim of the plaintiff derived from Dickenson through the sheriff's deed under the McKenzie judgment of necessity failed.

Judgment reversed and cause remanded.